[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#101)
This is an action for breach of contract, whereby the plaintiff, Elizabeth Iovene, seeks payment from the defendant, Shree Ram Corporation, d/b/a Candid Cleaners, for the repair and restoration of her wedding gown. The plaintiff filed a two-count complaint on August 16, 2000. Count one alleges breach of contract and count two alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq.
The defendant moves to strike count two, the CUTPA claim, on the ground that: (1) a simple breach of contract does not give rise to a CUTPA violation; and (2) the plaintiffs allegations do not satisfy the criteria set forth in the "cigarette rule." The plaintiff objects, asserting that the dry cleaning of a wedding gown is a service, therefore, the provision of this service provides the basis for a CUTPA claim. She also asserts that count two is not a simple breach of contract claim as characterized by the defendant, but rather a claim for trespass to chattels.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). For purposes of a motion to strike the court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Gazo v.Stamford, supra, 255 Conn. 260.
The facts, as alleged by the plaintiff are as follows: In July 1994, the plaintiff hired the defendant to dry clean her wedding gown. The plaintiff picked up the wedding gown from the defendant on August 19, CT Page 6510 1994, and noticed that it was heavily damaged. On that same day, Mukesh Patel (Patel), the owner of the defendant, entered into a written contract with the plaintiff, agreeing to pay the full cost of repairing and restoring the wedding gown to its original condition. The plaintiff had the wedding gown repaired at a cost of $4,464.92 in May 2000, and submitted the bill to the defendant for repayment m June 2000. The defendant refused to pay the plaintiff.
CUTPA, General Statutes § 42-110a et seq., provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "Any person who suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." General Statutes § 42-110g (a). In deciding whether a practice is unfair, thus violative of CUTPA, the court employs the "cigarette rule." HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68,736 A.2d 824 (1999). The following criteria is used "for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . .; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Id., 368.
The parties dispute the characterization of count two. The defendant argues that count two alleges a CUTPA violation based on a breach of contract. The plaintiff agrees that count two alleges a CUTPA violation, however, she argues that this count sets forth a claim of trespass to a chattel.
"A trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." 1 Restatement (Second), Torts, § 217, p. 417 (1965). "One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest." 1 Restatement CT Page 6511 (Second), supra, § 218, p. 420.
In count two the plaintiff incorporates count one, the breach of contract claim, and alleges that the defendant violated CUTPA by engaging in unfair trade practices. The plaintiff further alleges that "[t]he damages and injuries hereinafter more specifically set forth were caused as a direct and proximate result of the unfair trade practices actions of the defendant in one or more of the following ways": (1) the defendant unjustly refused to repay the plaintiff for the cost of having the wedding gown repaired, as agreed under the terms of the contract; (2) the plaintiff relied on the representation made by the defendant that it would pay the repair costs, and as a result, the plaintiff incurred the cost of the repair because the defendant refused to reimburse her; and (3) the defendant damaged and diminished the value of the wedding gown. The court finds that, based on the facts alleged in count two, the plaintiff fails to sufficiently alleged facts to support a cause of action for trespass to a chattel.[1]
The court agrees with the defendant that count two is more appropriately characterized as a CUTPA violation based on a claim for breach of contract. To prevail on a claim for breach of contract under CUTPA "[a] majority of . . . Superior Court cases support the claim that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA; a claimant must show substantial aggravating circumstances to recover under the Act. . . . [W]here the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion to strike. . . . On the other hand, a simple claim of breach of contract is not sufficient to give rise to a CUTPA violation, particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Citations omitted; internal quotation marks omitted.) Enviro Express, Inc. v. Bridgeport Resso, Co., L.P., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 374626 (Feb. 15, 2001, Melville, J.).
Count two is a CUTPA violation based on an alleged breach of contract. The plaintiff "incorporates by reference the breach of contract claim [and fails to plead that] "the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy"; EnviroExpress, Inc. v. Bridgeport Resso, Co., L.P., supra, Superior Court, Docket No. 374626. Absent such allegations, the plaintiffs simple breach of contract claim cannot give rise to a CUTPA violation. Accordingly, the defendant's motion to strike count two is granted. CT Page 6512
By the Court,
Kevin E. Booth Judge of the Superior Court